# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>HEIDI DOUGHERTY and<br>MICHAEL J. DOUGHERTY,<br><br>                              Debtors | Chapter 13<br><br>Case No. 20-14619 (MDC)<br><br>Hearing Date: 2/2/2021 at 10:30 a.m<br>Location: 900 Market St., Ctrm. 2<br>Philadelphia, PA 19107<br>(Telephonic) |

## MOTION OF TRUMARK FINANCIAL CREDIT UNION FOR AN ORDER VACATING THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d) AND A WAIVER OF THE FOURTEEN DAY STAY OF SUCH ORDER

TO:    THE HONORABLE MAGDELINE D. COLEMAN,
         UNITED STATES BANKRUPTCY JUDGE

The motion of TruMark Financial Credit Union ("TruMark"), by and through its undersigned attorneys, for an order vacating the automatic stay pursuant to 11 U.S.C. §§ 362(d) and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and a waiver of the fourteen (14) day stay of such an order, respectfully represents as follows:

### BACKGROUND

1. On or about September 8, 2011, TruMark made certain loans, advances and extensions of credit to Heidi S. Dougherty and Michael J. Dougherty (together, the "Debtors") in an amount not to exceed $423,750.00 (the "Loan") pursuant to the terms of that certain Adjustable Rate Note (the "Note").

2. In consideration for the Loan, the Debtors executed and delivered to TruMark a Mortgage also dated September 8, 2011 (the "Mortgage"), encumbering the real property and improvements thereon known as 1215 Edgewood Road, Havertown, Pennsylvania (the "Property").

3. The Mortgage was recorded by the Delaware County Recorder of Deeds on September 22, 2011 at Instrument Number 2011055588.

4. The Debtors first filed a voluntary petition pursuant to Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") with this Court on August 12, 2016, in case number 16-15728 (MDC) (the "First Bankruptcy Case").

5. TruMark filed a proof of claim in the First Bankruptcy case on January 6, 2017 at Claim No. 12-1, secured by the Property for $457,286.51, including $41,346.79 of prepetition arrears.

6. The First Bankruptcy Case was withdrawn, as indicated by Order of this Court on August 27, 2019.

7. The Debtors subsequently filed a second voluntary petition pursuant to Chapter 13 of the Bankruptcy Code with this Court on October 25, 2019, in case number 19-16682 (MDC) (the "Second Bankruptcy Case").

8. TruMark filed a proof of claim in the Second Bankruptcy case on November 18, 2019 at Claim No. 11, secured by the Property for $451,123.59, including $93,469.34 of prepetition arrears.

9. On April 23, 2020, confirmation of the Debtors' plan was denied in the Second Bankruptcy Case, and the trustee's motion to dismiss the case for failure to make payments was granted.

10. The Property has also gone through foreclosure proceedings, and is listed for sheriff's sale.

11. On December 2, 2020 (the "Petition Date"), the Debtors filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code with this Court for the third time.

12. On January 4, 2021, the Debtors filed a plan (the "Plan").

13. Pursuant to the terms of the Plan, the Debtors propose to retain the Property, cure the pre-petition arrears through the Plan, and continue to make payments directly to TruMark on account of the claim going forward. See Plan, § 4(b). Specifically, the Debtors propose to repay pre-petition arrears totaling $93,000.00 through the Plan. See id.

14. As of the Petition Date, TruMark held a claim on account of the Loan secured by the Property in an amount no less than $479,714.11 (the "Claim"). Included in this claim is $152,582.49 in pre-petition arrears due and owing to TruMark from the Debtors on account of the Loan. Proof of this Claim was filed with this Court on January 8, 2021, which Claim is incorporated herein by reference as if set forth fully herein. See Claim No. 15.

15. The Plan filed by the Debtors is deficient in that it does not make adequate provision for the cure of the prepetition arrears. See Plan, § 4(b).

16. The Plan is infeasible, relying on apparently speculative income for one of the Debtors, who is listed in Schedule I as having a gross monthly income of $0.00.

17. Despite the Plan's deficiencies, it is clear that, to the extent the Debtors intend to retain the Property, TruMark's rights with respect to the Claim may not be modified, the Claim may not be crammed down, and the Debtors must immediately begin making their post-petition contractual payments as required by the Loan Documents.

18. To date, a post-petition payment of $1,975.70 has come due and owing to TruMark on the Loan, exclusive of late fees, attorneys' fees, and other costs, all of which continue to accrue. The Debtors failed to make this payment.

19. For the reasons hereinafter set forth, TruMark is entitled to the entry of an order vacating the automatic stay to allow it to exercise its state law rights and remedies with respect to the Property.

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

20. Section 362(d) of the Bankruptcy Code provides that, on request of a party in interest and after notice and a hearing, the Court shall grant relief from the automatic stay of Section 362(a) of the Bankruptcy Code for cause. See 11 U.S.C. § 362(d)(1).

21. While the term "cause" is not explicitly defined, it includes a lack of adequate protection of an interest in property. See id.

22. As noted by the Third Circuit Court of Appeals, the language of Section 362(d) is mandatory. See In re Indian Palms Assocs., Ltd., 61 F.3d 197, 208 (3d Cir. 1995).

23. The Debtors are in default of their obligations under the Note by reason of their failure to make post-petition payments as and when they came due.

24. These circumstances constitute cause within the meaning of Section 362(d)(1) of the Bankruptcy Code justifying relief from the automatic stay. See In re Tainan, 48 B.R. 250, 252 (Bankr. E.D. Pa. 1985) ("A debtor's continued failure to maintain regular payments to a secured creditor is sufficient to entitle a creditor to a modification of the stay").

25. The Plan proposed by the Debtors is furthermore patently unconfirmable, and the Debtors will not be able to propose a confirmable plan, for all those reasons described by TruMark above. It is believed, and therefore averred, that reorganization will not be possible for these Debtors.

26. The Debtors, as noted above, have now filed for Chapter 13 Bankruptcy three (3) times, and have a demonstrable history of failure to make post-petition payments as they have

come due and owing. This has resulted in the prepetition arrears due and owing to TruMark and secured by the Property to balloon from $41,346.79 in the First Bankruptcy Case to the current amount of $152,582.49.

27. TruMark's interest in the Property has been irreparably harmed by the stay.

28. Accordingly, TruMark should be granted relief from the automatic stay to enforce its rights with respect to the Property in accordance with state law.

## CONCLUSION

29. For the foregoing reasons, TruMark respectfully requests that this Court enter an order granting TruMark relief from the automatic stay.

WHEREFORE, Trumark Financial Credit Union respectfully requests the entry of an order granting the relief requested herein, together with such other and further relief as is just and proper.

Respectfully submitted:

**KLEHR | HARRISON | HARVEY| BRANZBURG LLP**

By:   */s/Robert J. Crawley*
Corinne Samler Brennan, Esquire
Robert J. Crawley, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-2498

*Counsel to TruMark Financial Credit Union*

Dated: January 8, 2021